# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JASON R.D. AYAGALRIA,<br><br>                Plaintiff,<br><br>        v.<br><br>JOHN DOE, Shift Sergeant; JOHN DOE, Security Sergeant; and JOHN DOE, Floor Officer,<br><br>                Defendants, | Case No. 3:25-cv-00034-SLG |

## SCREENING ORDER

On February 13, 2025, self-represented prisoner Jason R.D. Ayagalria ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff's claims relate to events that allegedly occurred while he was serving a sentence at the Yukon Kuskokwim Correctional Center ("YKCC") in the custody of the Alaska Department of Corrections ("DOC"). Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts to the extent they are relevant to this case.[2]

---

[1] Dockets 1-4.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

Plaintiff's Complaint alleges that on or about January 16, 2025, the water in his housing unit at YKCC was turned off due to sewer maintenance.[3] Plaintiff claims a Shift Sergeant (John Doe 1) and a Security Sergeant (John Doe 2) knew about the maintenance in advance and failed to move the prisoners to a different unit during the maintenance.[4] Plaintiff also claims that an unnamed floor officer (John Doe 3) failed to relocate the prisoners and refused to allow the prisoners to use alternative restrooms in other units.[5] Plaintiff asserts that all the prisoners in his housing unit was subjected to foul odors, were prohibited from using the restroom from approximately 9 to 10 a.m. until approximately 6 p.m. that day, and were forced to eat lunch and dinner in the alleged unsanitary conditions.[6] Plaintiff claims the water was not turned back on until sometime between 8 and 9 p.m., so the prisoners were without running water for approximately 10 to 11 hours.[7] For relief, Plaintiff seeks $22,000 in damages from each Defendant.[8]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be

---

[3] Docket 1.

[4] Docket 1 at 3.

[5] Docket 1 at 5.

[6] Docket 1 at 3-5.

[7] Docket 1 at 3-5.

[8] Docket 1 at 6 (requesting $7,000 in damages and $15,000 in punitive damages—equaling $22,000 in total monetary damages from each Defendant); *see also* Docket 2 (civil cover sheet listing $22,000 in damages individually).

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 2 of 15
Case 3:25-cv-00034-SLG     Document 6     Filed 07/01/25     Page 2 of 15

granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order.

On May 6, 2025, Plaintiff filed a notice of change of address, and it appears he is no longer in state custody.[9] Because Plaintiff has been released from the physical custody of DOC, his application to proceed without prepaying the filing fee is DENIED as moot. Should Plaintiff choose to proceed with this case, he must file a completed, signed non-prisoner application to waive the filing fee either before or at the same time he files an amended complaint. In the alternative, Plaintiff may file a Notice of Voluntary Dismissal in which he elects to close this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity[10] and screen complaints brought by self-represented litigants seeking to proceed in a lawsuit in federal court without paying the filing fee.[11] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

---

[9] Docket 5.

[10] 28 U.S.C. §§ 1915, 1915A.

[11] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 10 76 (9th Cir. 2014) (en banc).

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 3 of 15

>       (i)     is frivolous or malicious;
>
>       (ii)    fails to state a claim on which relief may be granted; or
>
>       (iii)   seeks monetary relief against a defendant who is immune from such relief.[12]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[13] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[14] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[15] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[16]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity

---

[12] 28 U.S.C. § 1915(e)(2)(B).

[13] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[14] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[15] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[16] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 4 of 15
Case 3:25-cv-00034-SLG    Document 6    Filed 07/01/25    Page 4 of 15

to file an amended complaint, unless to do so would be futile.[17] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[18]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[19] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[20] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[21] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]

---

[17] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[18] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[21] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[22] *Ashcroft,* 556 U.S. at 678.

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 5 of 15
Case 3:25-cv-00034-SLG     Document 6     Filed 07/01/25     Page 5 of 15

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[23] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[24]

### II. Plaintiff cannot represent other prisoners or a class of prisoners

Although Plaintiff only named himself as the plaintiff in this case,[25] he described conditions of confinement issued affecting other prisoners in his housing unit, and he also filed a separate document including a list of additional prisoner names and identification numbers.[26] A non-attorney self-represented litigant may represent only his own interests,[27] and has "no authority to appear as an attorney for others than himself."[28] Plaintiff cannot bring claims on behalf of other individual prisoners and may not represent a class of prisoners in a class action. Accordingly,

---

[23] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[24] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[25] Docket 1 at 1.

[26] Docket 1-1.

[27] 28 U.S.C. § 1654.

[28] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 6 of 15
Case 3:25-cv-00034-SLG     Document 6     Filed 07/01/25     Page 6 of 15

the Court only considers the claims affecting Plaintiff personally, and if Plaintiff elects to file an amended complaint, he must do so only on his own behalf.

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[29] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[30] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[31] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[32]

#### A. Conditions of Confinement

A convicted prisoner's claims regarding the conditions of confinement are evaluated under the Eighth Amendment, which prohibits cruel and unusual punishment. It appears Plaintiff was a convicted prisoner in January 2025, the time of the alleged events giving rise to his claims.

---

[29] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[30] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[31] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[32] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 7 of 15
Case 3:25-cv-00034-SLG   Document 6   Filed 07/01/25   Page 7 of 15

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."[33] But "[t]he Constitution 'does not mandate comfortable prisons,'"[34] and "conditions of confinement may be, and often are, restrictive and harsh[.]"[35]

To prevail on an Eighth Amendment claim for inadequate conditions of confinement, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements:

(1) the plaintiff faced a faced a substantial risk of serious harm;

(2) the defendant was deliberately indifferent to that risk, that is, the defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

(3) the defendant's act or failure to act caused harm to the plaintiff.[36]

An Eighth Amendment claim based on deliberate indifference must satisfy both an objective and a subjective component test.[37] "First, the plaintiff must make

---

[33] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

[34] *Id.* (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)).

[35] *Morgan v. Morgensen,* 465 F.3d 1041, 1045 (9th Cir. 2006).

[36] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.27 and the cases cited therein.

[37] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 8 of 15
Case 3:25-cv-00034-SLG    Document 6    Filed 07/01/25    Page 8 of 15

an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation. Second, the plaintiff must make a 'subjective' showing that the prison official acted 'with a sufficiently culpable state of mind.'"[38]

Although the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, "those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."[39] "The circumstances, nature, and duration of a deprivation of necessities must be considered in determining whether a constitutional violation has occurred."[40] Courts in the Ninth Circuit generally do not find that a one-time short-term deprivation of toilet access constitutes cruel and unusual punishment, and particularly when there is a legitimate reason, such as maintenance.[41] However, unsanitary and unhealthy conditions—including poor plumbing, filth, and exposure to waste—may violate the Eighth Amendment when pervasive or ignored.[42] Longer periods without access to

---

(1984)).

[38] *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir. 2000).

[39] *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)).

[40] *Johnson v. Lewis,* 217 F.3d at 731(holding that a four-day substantial deprivation of food, shelter, drinking water, and sanitation could support an Eighth Amendment violation).

[41] *See, e.g., Anderson v. County of Kern*, 45 F.3d 1310 (9th Cir. 1995) (holding that occasional delays in toilet access—even up to 20 hours—do not violate the Eighth Amendment unless it results in genuine deprivation of basic needs).

[42] *See, e.g., Hearns v. Terhune,* 413 F.3d 1036, 1041–42 (9th Cir.2005) (holding that allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including

a toilet, especially with no alternatives, are more likely to be unconstitutional. And yet if prisoners have access to alternate toilet facilities, such as buckets or were escorted to another location, that reduces the severity of the claim.

Here, it is unclear whether Plaintiff was able to use the non-flushing toilets or another alternative, or if he was forced to "hold" his bathroom needs until he was escorted to another working bathroom sometime after 6 p.m. Regardless, absent factual allegations that the deprivation involved significant exposure to human waste or health hazards, or posed a substantial risk of harm, it is unlikely that Plaintiff can plead additional facts that could support a claim that the temporary denial of sanitation described here constituted cruel and unusual punishment in violation of the Eighth Amendment. However, in the interests of fundamental fairness, the Court grants Plaintiff 60 days to file an amended complaint in which he may attempt to revise this claim to state a viable constitutional violation.

### B. Individual Defendants

Plaintiff's Complaint names Shift Sergeant (John Doe 1), a Security Sergeant (John Doe 2), and a floor officer (John Doe 3).[43] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint . . . name all the

---

toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, alleged enough to state a claim of unconstitutional prison conditions); *Keenan v. Hall,* 83 F.3d 1083, 1091 (9th Cir. 1996) ("[E]xtended exposure to the smell of feces or urine in one's cell can amount to a constitutional violation."); *Hoptowit v. Spellman,* 753 F.2d 779, 783–84 (9th Cir. 1985) (holding that unsanitary and unhealthy conditions—including poor plumbing, filth, and exposure to waste—may violate the Eighth Amendment when pervasive or ignored).

[43] Docket 1 at 2, 5.

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 10 of 15
Case 3:25-cv-00034-SLG    Document 6    Filed 07/01/25    Page 10 of 15

parties" and a complaint must allege in specific terms how each named defendant caused a specific harm to the plaintiff.[44] Vague and conclusory allegations of constitutional violations are not sufficient.[45] A complaint must give each defendant fair notice of the plaintiff's claim against that specific defendant and the grounds upon which it rests."[46]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[47] A supervisor can only be held liable in his individual capacity under Section 1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[48]

A plaintiff may use a "Doe" defendant designation to refer to a defendants whose name is unknown; however, he must number each such Doe defendant in the complaint, *e.g.,* "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different person, and explain the specific action(s) each John Doe took,

---

[44] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[45] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[46] *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002).

[47] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[48] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 11 of 15
Case 3:25-cv-00034-SLG     Document 6     Filed 07/01/25     Page 11 of 15

when that action was taken, and how that action resulted in injury or harm to Plaintiff. The Court will not investigate the names and identities of unnamed defendants.

### IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[49] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[50] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Each claim must identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury.

An amended complaint must contain separately numbered, clearly identified claims. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[51] If handwritten, it must be legible.

---

[49] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[50] Fed. Rule Civ. Proc. 8(a)(2).

[51] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." This means that a complaint must consist of short, continuously numbered paragraphs, and each paragraph should contain only one distinct set of factual allegations. This format enables the party responding to a complaint to admit or deny each separate factual allegation by paragraph. A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 12 of 15
Case 3:25-cv-00034-SLG    Document 6    Filed 07/01/25    Page 12 of 15

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** for failure to state a claim. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

---

specific allegation by paragraph.

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 13 of 15
Case 3:25-cv-00034-SLG   Document 6   Filed 07/01/25   Page 13 of 15

If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a "strike" without further notice to Plaintiff.[52]

3. A Notice of Voluntary Dismissal does not count as a strike.[53]

4. Because Plaintiff was released from DOC custody, Plaintiff's application to waive *prepayment* of the filing fee at **Docket 3 is DENIED as moot.**

5. Should Plaintiff choose to proceed with this case, he must file a non-prisoner Application to Waive the Filing Fee **no later than the date the amended complaint is filed**.

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[54] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

7. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

---

[52] 28 U.S.C. §1915(g); *see also Harris v. Mangum,* 863 F.3d 1133, 1143 (9th Cir. 2017) (where complaint is dismissed with leave to amend, and prisoner fails to amend, the dismissal counts as a strike).

[53] *Spencer v. Barajas*, Case No. 24-2441, --- F.4th ----, 2025 WL 1600926 (9th Cir. June 6, 2025).

[54] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 14 of 15
Case 3:25-cv-00034-SLG    Document 6    Filed 07/01/25    Page 14 of 15

8. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[55] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10. With this order, the Clerk is directed to send: (1) form PS15, with "FIRST AMENDED" written above the title "Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) formPS11, Non-Prisoner Application to waive the filing fee; (3) form PS09, Notice of Voluntary Dismissal; (3) and form PS23, Notice of Change of Address.

DATED this 1st day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[55] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00034-SLG, *Ayagalria v. John Doe, et al.*
Screening Order
Page 15 of 15
Case 3:25-cv-00034-SLG    Document 6    Filed 07/01/25    Page 15 of 15